FILED
U.S. DISTRICT COURT

2010 SEP 28  P 3: 45

DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

CARLIE CHRISTENSEN, United States Attorney (#0633)
NATHAN D. LYON, Special Assistant United States Attorney (#10171)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  ADAM CURTIS WILLIAMS,  Defendant. | Case No. 1:10-CR-56-DS  STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.     As part of this agreement with the United States, I intend to plead guilty to Counts II and III of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count II, Possession of a Firearm in Furtherance of a Drug Trafficking offense, are: the Defendant, Adam Curtis Williams, (1) knowingly possessed a firearm; (2) in furtherance of a drug trafficking crime, as alleged in Count I of the indictment. The elements of Count III, Felon in Possession of a Firearm, are: the Defendant, Adam Curtis Williams, (1) having previously been convicted of a felony punishable by more than one year

1

in prison; (2) did knowingly and intentionally possess a firearm; (3) which at any time has affecting interstate commerce.

2(a). I know that the penalty provided by law for Count II of the Indictment, a violation of 18 U.S.C. § 924(c), is a term of imprisonment that shall not be less than 5 years and which may for life, a fine of $250,000, and term of supervised release for up to 60 months. The penalties for Count II shall run consecutively to any other charge. The penalties provided by law for Count III of the indictment, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment that shall not exceed 10 years, a fine of $250,000, and a term of supervised release of up to 36 months. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

(b). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. I have also subjected real and/or personal property to forfeiture, namely, a .22 caliber Phoenix Arms handgun, a 9mm Springfield XD handgun, an AK-47, and all associated ammunition, because the aforementioned property was involved in or used in the violation of Count III in violation of 18 U.S.C. § 924(d)(1).

(c) If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   (a) I have a right to the assistance of counsel at every stage of the proceeding.

   (b) I have a right to see and observe the witnesses who testify against me.

   (c) My attorney can cross-examine all witnesses who testify against me.

   (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

   (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

   (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

   (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

   (h) It requires a unanimous verdict of a jury to convict me.

   (I) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal

      my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(c)(2) otherwise sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

      On March 1, 2010, police searched an apartment where I had hidden distributable quantities of marijuana and psilocyn, as well as a Phoenix .22 caliber handgun, a 9mm Springfield XD handgun, and an AK-47. I possessed the firearms for my protection because I was selling drugs. I acknowledge that the firearms I possessed have previously moved across state lines and have therefore traveled in and/or affected interstate commerce.

      On January 18, 2005, I was convicted in state court of theft, a third degree felony, which is punishable by 0-5 years imprisonment.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees:

        (1) I will plead guilty to Counts II and III of the indictment.

        (2)(a) Fully understanding my limited right to appeal my sentence, as referenced above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this

plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal if the sentence imposed is greater than the sentence set forth in this agreement or the sentence was imposed in violation of 18 U.S.C. § 3742(a)(1) or (2).

2(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in paragraph 2(a) above, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, the imposition of imprisonment, fines, supervised release, probation (and any specific terms and conditions thereof), and any orders of restitution.

(3)(a) I agree to forfeit all interests in any assets that are related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including, but not limited to, a .22 caliber Phoenix Arms handgun, a 9mm Springfield XD handgun, an AK-47 and all associated ammunition.

(3)(b) I warrant that I am the sole owner of all of the property listed above, and agree to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

–5–

(3)(c) I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge I understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

(3)(d) I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

(4) To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States probation Office and to the Untied States Attorney's Office within three weeks of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution under 18 U.S.C. §1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under Sentencing Guideline 3C1.1.

B.  The United States agrees:

(1) To dismiss Counts I, IV, and V at the time of sentencing.

C.  The United States and Defendant agree:

(1) Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be 100 months imprisonment, and further agree that 100 months is a reasonable sentence.

(2) The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

(3) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 100 months be imposed, defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 100 months, the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

(4) The Defendant and the United States agree that all other sentence provisions (e.g. supervised release, assessments, etc.) will be imposed in accordance with applicable law.

\*   \*   \*   \*

I make the following representations to the Court:

1. I am __24__ years of age. My education consists of

__high school diploma__. I __can__ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this __28th__ day of __September__, __2010__.

_/s/ Adam Williams_
ADAM CURTIS WILLIAMS
Defendant

–8–

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 28th day of September, 2010.

*(signature)*

PARKER DOUGLAS
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 28th day of September, 2010.

CARLIE CHRISTIANSEN
United States Attorney

*(signature)*

NATHAN D. LYON
Assistant United States Attorney